In the Matter of the Lands of FRANK S. LESSERITZ, Sold for Taxes by the County Treasurer of Monroe County.

WILLIAM W. CHAPIN, Appellant, *v.* PAUL STAHLBRODT and Others, Defendants, Impleaded with EUGENE H. SATTERLEE, Respondent.

*Order to show cause granted under* § 16, *chap.* 107 *of* 1884 — *when not in compliance with the statute* — *it should be made by the County Court and not by the county judge.*

Where an order to show cause, granted under the provisions of section 16 of chapter 107 of the Laws of 1884, requiring the owner of certain premises and other persons interested therein to show cause why the petitioner should not be let into possession of the premises by virtue of his purchase of the same at a tax sale, is returnable before the expiration of three months from the time it was issued and served, it does not comply with the statute and the proceedings are properly dismissed.

The order to show cause provided for by section 16 of chapter 107 of the Laws of 1884 snould be made by the County Court and not by the county judge.

APPEAL by the petitioner, William W. Chapin, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 2d day of October, 1893, dismissing the petitioner's proceedings instituted under chapter 107 of the Laws of 1884.

*H. H. Woodward,* for the appellant.

*Eugene H. Satterlee,* respondent, in person.

HAIGHT, J.:

On the 22d day of June, 1893, the appellant presented a petition to the County Court of Monroe county, addressed to the county judge, in which he shows that in the month of August, 1890, the lands described in the petition were sold by the treasurer of that county for unpaid taxes assessed in the year 1889 to the petitioner, who paid the consideration therefor, together with the costs and expenses of such sale, as provided for by the statute; that a certificate of such sale was made by the treasurer in due form and delivered to the petitioner, and that on the 22d day of August, 1892, the treasurer duly delivered to the petitioner a deed for the premises

under his hand and seal duly acknowledged, reciting that said land had not been redeemed within the time required by the statute.

The petition further shows that on the 27th day of September, 1892, the petitioner caused to be served a printed notice in the form required by statute, on F. S. Lesseritz, to whom the real estate was assessed, and on Mary Shrank, the person who was then occupying the premises, and concludes with the prayer that an order be made pursuant to section 16 of chapter 107 of the Laws of 1884, requiring the owner and other persons interested in the premises to show cause why the petitioner should not have possession of and title to the premises, and such other and further relief as he may be entitled to; thereupon an order of the County Court was issued, reciting the facts set forth in the petition, and ordering that the parties named therein, among whom was the respondent, Eugene H. Satterlee, show cause before the county judge of Monroe county, or the special county judge thereof, within three months from the service thereof, to wit, on the 8th day of September, 1893, at eleven o'clock A. M., in the County Court aforesaid, why said petitioner should not have possession of and title to said property, and why said owner and all persons having any lien upon or interest in said lands should not be foreclosed and forever barred and cut off from any and all right, title or interest in said lands and property pursuant to the provisions of said act, and why an order to that effect should not be made by the court.

This order was served upon the respondent on the day on which it was issued, and on the return day thereof the County Court made an order dismissing the proceedings, from which this appeal was taken.

Section 16 of the act in question provides as follows:

"§ 16. Within one year after the expiration of the three months mentioned in the notice to be served pursuant to sections thirteen and fourteen of this act, the grantee, his heirs or assigns, shall make application to the County Court of Monroe county for an order requiring the parties interested to show cause why he should not have possession of and title to such property; and if such property be incumbered by mortgage which is recorded, or by a judgment which is a lien thereon, or by any other recorded lien, the court shall cause a written or printed copy of said order to show

cause to be served on the person who, according to the records in Monroe county clerk's office, is the owner of such property and of such mortgage, judgment or other recorded lien, stating in substance the sale and conveyance, the person to whom conveyed, the amount of the consideration money mentioned in the conveyance, together with thirty-five per centum on said amount, and the amount paid for the deed, and for serving all orders required by this section, and that unless such consideration money, together with the thirty-five per centum and the expense of procuring the deed, and the expense of serving said orders to show cause, is paid into the treasury of said county by a person having an interest in or lien upon said lands, together with the costs allowed by the court for this proceeding, which amount shall be specified in said order, within three months from the service thereof, the court will declare the title vested in the grantee. Said order to show cause shall in every case be served upon the person who, according to the records of the Monroe county clerk's office, is the owner of said property."

As we have seen, the order was made returnable on the 8th day of September, 1893, before the expiration of three months from the time the same was issued and served. This, we think, was not a compliance with the provisions of the statute. On reference to the above provisions it will be seen that an application may be made to the County Court for an order requiring the parties interested to show cause why the petitioner should not have possession of and title to the property, but no time is specified in that section in which the order should be made returnable. It does provide that in case the property be incumbered by a mortgage, or by judgment, or by any recorded lien, written or printed notice of the order to show cause must be served upon the person holding such mortgage, judgment or lien, stating in substance the sale and conveyance to the petitioner, the amount of consideration money mentioned in the conveyance, together with thirty-five per centum on such amount, and the amount paid for a deed and for serving the orders required by the act, etc., and that unless such money is paid into the treasury of the county by a person having an interest in or lien upon such land within three months from the service of the order the court will declare the title vested in the grantee. The three months mentioned in this provision refer to the time within which

Fifth Department, June Term, 1894.                [Vol. 78.

the persons interested in the premises shall pay the amount of the consideration money with the per centum, costs and expenses provided for by the statute. It is, therefore, apparent that the order cannot be made returnable within the three months from the time it was issued and served. This is made more clear by the express provisions of section 17, which provides that "at any time *after* the expiration of the three months last aforesaid, unless the premises are redeemed according to the terms and conditions of said order, the county judge or special county judge may, by a final order, declare the absolute title in fee to the said premises vested in the grantee, and that all persons having any lien upon or interest in said premises shall be from the date thereof forever barred and cut off from any and all right, title or interest in said property." The order should, not, therefore, have been made returnable until after the expiration of three months given to the persons named in the order to redeem.

Some confusion appears to exist in reference to whether the order should be made by the County Court, or by the county judge or special county judge. We think it should be made by the County Court. The petition is required to be presented to the County Court. The order to show cause is made by the County Court, and it should be made returnable in the County Court. True, section 17 provides that the order may be made by the county judge or special county judge, but in construing this section with that which precedes it, we think it was intended that either the county judge or the special county judge may preside in the County Court in which the order was made returnable.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Dwight, P. J., Lewis and Bradley, JJ., concurred.

Order of Monroe County Court appealed from affirmed, with ten dollars costs and disbursements.